[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On May 15, 1990, the defendant Freedom of: Information Commission (FOIC) mailed its final decision dismissing the plaintiff's complaint, which concerned an action taken by the director of human resources of the state department of corrections. On July 5, 1990, the plaintiff filed this appeal from the FOIC's decision with the superior court.
The FOIC filed an answer denying all of the substantive allegations to the appeal on September 24, 1990, and filed its brief on November 15, 1990. On December 7, 1990, the court granted permission to the director of human resources of the state department of corrections (Department) to be made a party defendant. The Department had been granted party status by the FOIC in the administrative proceedings. On January 8, 1991, the Department moved to dismiss the appeal on the basis that it had not been named in the citation or served with a copy of the appeal, as required by C.G.S. 4-183(c) and (d). On February 11, 1991, the Department filed a supplemental memorandum in support of its motion to dismiss in which it claims that the plaintiff's failure to file the appeal within the time specified in C.G.S. 4-183(c) deprives the court of subject matter jurisdiction. The court agrees.
In Norwich Land Co. v. Public Utilities Commission,17 Conn. 1, 6 (1975), the Supreme Court held as follows:
Appeals to courts from administrative agencies CT Page 3510 exist only under statutory authority. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Provisions in statutes fixing a time within which to take an appeal are designed, in the public interest, to secure a speedy determination of the issue involved. "T "Time is not merely a procedural limitation but is an essential part of the remedy." Such provisions are mandatory, and, if not complied with, render the appeal subject to abatement. (citations omitted).
That rule is dispositive of this case. C.G.S. 4-183(c) provides, in relevant part, "(w)ithin forty-five days after mailing of the final decision. . .a person appealing. . .shall. . .file the appeal with the clerk of the superior court. . . ." Failure to comply with this time schedule is a jurisdictional defect which may be raised at any time and may not be waived. Norwich Land Co. v. Public Utilities Commission, supra; Conn. Prac. Bk. 145. In this case, the appeal was filed with the court on the fifty-first day after the FOIC mailed its decision. The court, therefore, lacks jurisdiction to hear the appeal.
For all of the above reasons, the Department's motion to dismiss is granted.
Maloney, J.